### HAYES *v.* BEARD.

(*Supreme Court, General Term, First Department.*   March 15, 1891.)

ARREST IN CIVIL ACTION—WILLFUL INJURY TO PROPERTY.

An order of arrest against a woman under Code Civil Proc. § 553, for willful injury to property, the injury consisting in the tearing out and removal of certain fixtures from a house leased by defendant, is properly vacated where defendant's affidavits to the effect that all the changes complained of were made with the consent of the lessor or plaintiff as receiver of the premises are not denied by plaintiff, although full opportunity was given.

Appeal from special term.

Action by John Hayes, as receiver of premises Nos. 62, 64, West Fifty-Fifth street, New York city, against Mrs. William Beard.   Plaintiff appeals from an order vacating an order of arrest against defendant.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*A. B. Moore*, for appellant.   *J. Noble Hayes*, for respondent.

DANIELS, J.   The defendant has been sued as, and in the affidavits on her part she is stated to be, a married woman.   For that reason, under section 553 of the Code of Civil Procedure, she was liable to be arrested only for a willful injury to person, character, or property.   And the order recites that it was made on the ground of a malicious injury by the defendant to personal and real property; and that injury was charged in the complaint and the affidavits on which the order of arrest was made.   The defendant was the lessee, from Mrs. O. Vandenburg, of Nos. 62 and 64 West Fifty-Fifth street, for the term of three years from May 1, 1890; and after the commencement of her term, and while she was in possession under the lease, it is charged that she maliciously tore out and removed from the house No. 62 a valuable refrigerator, which was a fixture therein, and converted it to her own use.   Also that she tore out and removed three stone wash-tubs and a furnace heater, and had taken down stone pillars, and the chimney breast in the kitchen; that she had removed and carried away the kitchen dresser, cut and defaced the walls, and was about to remove a valuable cooking range.   The defendant, in her affidavit, has sworn that the premises were greatly in need of repairs, and that the articles removed by her were so removed for their improvement, and in no instance taken therefrom.   That the chimney was changed without removing any stone pillars, to put in a large range in place of one nearly worn out and unfit for use; and that she was not about removing the cooking range. It was also alleged that the alterations were made with the authority of the lessor, and also with that of the plaintiff after he became receiver.   These statements, except as to the authority of the lessor, are confirmed and maintained by the affidavit of the manager of the houses, Adeline S. Sanford, who resided there with the defendant; and, as to the removal of the refrigerator, wash-tubs, kitchen dresser, and furnace heater, by the affidavit of Marie Collin, another resident there, who agrees with the defendant and Sanford in the statement

that neither article was taken from the premises. Neither the plaintiff nor the lessor has denied the authority stated to have been given to the defendant to make the changes; and that failure to deny, when there was an opportunity to do so, goes very far towards confirming the truth of the affidavits containing these statements, made by the defendant and her house manager, and to prove the fact to be that all the changes complained of were made with the assent of the lessor as to part and the plaintiff as to the residue. The fact is also maintained by the three affidavits that neither article had been removed or taken away from the premises, and no reason appears for doubting the truth of these affidavits. They consequently disproved the case made by the plaintiff for the order of arrest, and entitled the defendant to the order discharging it. The plaintiff's counsel has appealed to old cases, long since abandoned, holding that where the order of arrest has been made upon the cause of action set forth in the complaint, and required to be maintained to support the action, it would not be vacated on affidavits controverting and disproving the facts on which it depended, made on the part of the defendant. The injustice of subjecting the defendant to arrest and imprisonment for an unfounded cause of that nature has so long since led to the explosion of that idea as to warrant the belief that it must have become too well known to the intelligent members of the legal profession to permit it to be invoked for the support of this order. The defendant is entitled to be relieved from unwarrantable imprisonment in all cases, and at the earliest opportunity; and the motion provided for that end to discharge an order of arrest has not been subjected to the qualification that it shall not be permitted to prove successful when the cause of action and the cause of arrest shall be identical. But the same necessity, as well as the same humanity, applies to and includes these cases, as well as those where the cause of arrest shall be extraneous to the cause of action. Unlawful imprisonment is condemned alike in all cases, and the court has no arbitrary power to distinguish between them, but in all cases where it appears to be without foundation there the person imprisoned is entitled to relief. *Liddell* v. *Paton*, 7 Hun, 195; Sniffen v. Parker, 8 Civil Proc. R. 393; *Campbell* v. *Clarke*, 16 Wkly. Dig. 508. The defendant was clearly entitled to her discharge, and the order should be affirmed, with $10 costs and disbursements.

All concur.